**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JERRY W. AND GOLDA M. WASHINGTON, | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) No. 08-00459-CV-W-FJG |
| COUNTRYWIDE HOME LOANS, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Class Certification (Doc. No. 77) and Defendant's Motion for Summary Judgment (Doc. No. 88).

**I. BACKGROUND**

Plaintiffs bring a purported class action under the Missouri Second Mortgage Loan Act ("MSMLA"), alleging defendant Countrywide charged illegal fees in connection with their second mortgage loan. Plaintiffs obtained a second mortgage loan from Countrywide, which closed on April 21, 2005. ServiceLink LLP ("ServiceLink") was the title company that closed plaintiffs' loan and is not a party to this suit. At closing, Plaintiffs executed a HUD-1 settlement statement indicating that they had agreed to pay, *inter alia*, the following: Loan Discount Fee in the amount of $690.00; Settlement/Closing Fee to ServiceLink in the amount of $100.00; Document Processing/Delivery Fee to ServiceLink in the amount of $60.00; and Interest in the amount of $37.80. Plaintiffs financed all closing costs, which were to be deducted from the principal of the loan. A Countrywide compliance specialist reviewed plaintiffs' loan

closing documents, including the HUD-1 settlement statement.  The analyst identified the $690 loan discount fee and the $100 settlement fee as assessed in error, circled the charges and stamped the HUD-1 as void.  Countrywide sent a wire transfer to ServiceLink in the amount of $1,085.00, which represented a refund of the $690 loan discount fee and the $100 settlement fee, as well as a $295 processing fee that was charged in error.  ServiceLink then sent a single wire transfer to the Washingtons, which included the $1,085.00 refund of fees plus the disbursement of the loan principal.  The Washingtons received the wire transfer on April 28, 2005.

ServiceLink performed tasks associated with the closing of plaintiffs' loan.  Specifically, ServiceLink compiled the loan documents needed for the loan closing, including plaintiffs' mortgage and Note.  ServiceLink also copied and transmitted documents to Countrywide and to plaintiffs in connection with the loan after the closing.  It also filed the mortgage with the Jackson County Recorder of Deeds Department.  ServiceLink assessed a $60 document processing/delivery fee as compensation for these services.[1]

Plaintiffs obtained a loan with a principal amount of $23,000, which they agreed to repay with interest.  The loan became final on April 26, 2005, following a weekend and expiration of three-day right of rescission granted under federal law.  Interest in the amount of $37.80 accrued for the period of April 26, 2005 to May 1, 2005, the date of their first regularly-scheduled payment, and was included in the HUD-1 settlement statement.

Preliminary discovery is complete.  Plaintiffs move for class certification and

---

[1] A separate Mortgage Recording Fee in the amount of $93.00 was also assessed, but is not at issue.

defendants move for summary judgment.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted). Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Because the facts are viewed in a light most favorable to the non-moving party, the court does not weigh evidence or assess a witness's credibility. Kammueller v. Loomis, Fargo & Co., 383 F.3d 779, 784 (8th Cir. 2004).

3

## III. DISCUSSION

Plaintiffs allege defendant violated the MSMLA § 408.233 et seq. by charging illegal fees in connection with their second mortgage loan. The MSMLA is a consumer protection statute designed to regulate the business of making high interest second mortgage loans on residential real estate. Avila v. Community Bank of Virginia, 143 S.W.3d 1, 4 (Mo. Ct. App. W.D. 2003) citing U.S. Life Title Ins. Co v. Brents, 676 S.W.2d 839, 841 (Mo. Ct. App. W.D. 1984). The Eighth Circuit recently explained, "[t]he limits on closing costs and fees provided for in the MSMLA act as a trade-off for allowing lenders to charge a higher interest rate on second mortgage loans." Thomas v. U.S. Bank Nat. Ass'n ND, 575 F.3d 794, 796 n. 1 (8th Cir. 2009).

The MSMLA creates a private right of action for a person "who suffers any loss of money or property as a result of" a violation of the Act. § 408.562. Loss of money may result from second mortgage lenders charging borrowers fees that are not permitted by the statute. Section 408.233.1 of the MSMLA states:

No charge other than that permitted by section 408.232 shall be directly or indirectly charged, contracted for or received in connection with any second mortgage loan, except as provided in this section:

(1) Fees and charges prescribed by law actually and necessarily paid to public officials for perfecting, releasing, or satisfying a security interest related to the second mortgage loan;

(2) Taxes;

(3) Bona fide closing costs paid to third parties, which shall include:

(a) Fees or premiums for title examination, title insurance, or similar purposes including survey;

(b) Fees for preparation of a deed, settlement statement, or other documents;

(c) Fees for notarizing deeds and other documents;

(d) Appraisal fees; and

(e) Fees for credit reports[.]

§ 408.233.1.

Plaintiffs claim defendant violated the MSMLA by charging, contracting for, and/or receiving the following fees in connection with their second mortgage loan: (1) a Loan Discount Fee; (2) a Settlement/Closing Fee ("closing fee") to ServiceLink; (3) a Document Processing/Delivery Fee; and (4) $37.80 in accrued interest. Plaintiffs argue defendant's assessment of these fees is *per se* illegal, as they are not enumerated in the authorized list of closing costs set forth in Section 408.233.1(3). Defendant argues it is entitled to judgment as a matter of law because plaintiffs did not pay the loan discount fee or the settlement/closing fee because both amounts were reimbursed and, therefore, they did not suffer a loss of money. In addition, defendant rejects plaintiffs' interpretation of the statue, and argues the document processing fee is a bona fide closing cost authorized by the MSMLA.

**A.  Loan Discount Fee and Settlement/Closing Fee**

The MSMLA grants a right of action to any person who "suffers any loss of money or property as a result of" a violation of the Act. § 408.562. The MSMLA prohibits any charge other than those authorized by the statute to be "charged, contracted for or received in connection with any second mortgage loan[.]" § 408.233.1. Thus, the threshold issue is whether plaintiffs have suffered a loss of money as a result of the loan discount fee and closing fee being included in the HUD-1 settlement statement they executed at closing.

The Court finds as a matter of law that plaintiffs have not suffered a loss or injury under the MSMLA as a result of the loan discount fee and closing fees that were listed in their settlement statement. Though the Washingtons executed a HUD-1 settlement statement at closing that included the two fees in question they did not actually pay any

money at that time, as they financed the closing costs of their second mortgage loan. The two fees were immediately reversed post-closing, a revised HUD-1 settlement statement was created that omitted the two fees, and the proper amount was reimbursed in time to be included with the principal disbursement of their second mortgage loan. Mere inclusion of the loan discount fee and settlement fee in the HUD-1 settlement statement does not give rise to a violation of the statute unless the plaintiff suffers a cognizable monetary or proprietary harm. Since plaintiffs did not suffer an actual loss of money as a result of a statutory violation they have no right of action under the MSMLA.[2]

### B. Document Processing Fee

The next issue is whether the document processing fee is an authorized closing cost under Section 408.233.1(3). The parties interpret the statutory provision at odds with each other, as the plaintiff argues no charges other than the five enumerated fees are permissible, whereas the defendant propounds the plain language allows other similar fees that are not specifically listed.

Prior to assessing the merits of the parties' statutory interpretations, the Court determines whether the document processing fee reasonably fits within the plain language of the statute. The Court must "ascertain and effectuate the intent of the General Assembly, and in so doing, look first to the language of the statute and the plain and ordinary meaning of the words employed." Alexander v. State, 756 S.W.2d 539, 541 (Mo. banc 1988); Cincinnati Ins. Co. v. Bluewood, Inc., 560 F.3d 798 (8th Cir. 2009). It is undisputed that ServiceLink compiled the documents needed for closing

---

[2]The Court does not reach the matter of defendant's liability under Section 408.233.

6

from various sources including Countrywide and third party service providers, and prepared the numerous documents needed for the loan closing, including the mortgage and Note.[3]  Accordingly, ServiceLink charged a $60 fee for these services.

Section 408.233.1(3) permits, "[b]ona fide closing costs paid to third parties, which shall include . . . (b) Fees for preparation of a deed, settlement statement, or other documents[.]"  A bona fide cost is one that is "paid to an unaffiliated third party for services actually performed." Mitchell v. Beneficial Loan & Thrift Co. 463 F.3d 793, 795 (8th Cir. 2006).

The plain language of the statute is dispositive.  Section 408.233.1(3) does not identify fees by a particular label or name; instead, it provides for types or categories of fees that are permissible as bona fide closing costs for services that are required for the closing of a second mortgage loan.  It is unnecessary at this time to decide whether the enumerated list in Section 408.233.1(3) is exclusive because the Court finds the document processing fee fits reasonably within Section 408.233.1(3)(b).  The services rendered by ServiceLink were in preparation of the settlement statement and other closing documents, and the legislature provided for such bona fide costs in Section 408.233.1(3)(b).

As to plaintiffs' claim that the interest paid at closing in the amount of $37.80 is an unlawful fee, the Court finds any interest properly accrued per the terms of the second mortgage loan is payable in full to defendants.  The MSMLA only regulates

---

[3]Plaintiffs dispute that ServiceLink performed all tasks associated with the closing of plaintiffs' loan, arguing that "[d]efendant [Countrywide] had at all times control and direction over the fees charged," in connection with the loan (Doc. No. 103); however, whether Countrywide retained control over the fees charged is not relevant to the fact that ServiceLink, as the title company, performed the specified pre and post-closing tasks.

7

settlement charges in connection with second mortgage loans, and as the Court found no violation of the MSMLA plaintiffs are not entitled to a remedy of the interest charges.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (Doc. No. 88) is **GRANTED**. Accordingly, the Court **DENIES** as **MOOT** plaintiffs' Motion for Class Certification (Doc. No. 77).


**IT IS SO ORDERED.**

Date: 01/13/10　　　　　　　　　　　　　**/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge