**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JERRY W. AND GOLDA M. WASHINGTON, ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. 08-0459-CV-W-FJG |
| COUNTRYWIDE HOME LOANS, INC., ) ) | |
| Defendant. ) | |

# ORDER

Pending before the Court are (1) Plaintiffs' Renewed Motion for Class Certification (Doc. No. 131); and (2) Defendant Countrywide's Motion to Strike Paragraph 49 of Plaintiffs' Amended Complaint (Doc. No. 141). Also before the Court are the parties' responses to the Court's July 20, 2012 Order. Doc. Nos. 163 (defendant's brief) and 164 (plaintiffs' brief).

**I.     Background**

Plaintiffs bring a purported class action under the Missouri Second Mortgage Loan Act ("MSMLA"), alleging defendant Countrywide charged illegal fees in connection with their second mortgage loan. Plaintiffs obtained a second mortgage loan from Countrywide, and the loan closed on April 21, 2005. At closing, plaintiffs executed a HUD-1 settlement statement indicating that they had agreed to pay the following: Loan Discount Fee in the amount of $690.00; Settlement/Closing Fee in the amount of $100.00; Document Processing/Delivery Fee in the amount of $60.00; and Interest in the amount of $37.80. Plaintiffs financed all closing costs, which were to be deducted from the principal of the loan. A Countrywide compliance specialist reviewed plaintiffs' loan closing documents, including the HUD-1 settlement statement. The analyst identified the $690 loan discount fee and the $100 settlement fee as assessed in error, circled the charges and stamped the HUD-1 as void. On April 28, 2012, plaintiffs received a wire transfer of funds, including the loan principal plus the fees charged in error (the $690 loan discount fee, the $100 settlement fee, and a $295 processing fee that is not the subject of this suit). Plaintiffs' loan became final on April 26, 2005, following a weekend and expiration of the three-day right of

rescission granted under federal law. Plaintiffs filed this lawsuit in the Circuit Court of Jackson County, Missouri, on or about May 6, 2008. See Doc. No. 4-2.

As previously noted by the Court, after the motion for class certification became fully briefed, the Eighth Circuit issued its opinion in Rashaw v. United Consumers Credit Union, Case No. 11-2327, 2012 WL 2892218 (July 17, 2012). In this opinion, the Eighth Circuit found that, if the Supreme Court of Missouri examined the interpretation of R.S.Mo. § 516.420 found in Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 178 (Mo. App. 2006), the Supreme Court of Missouri would "'ignor[e] [that] precedent in favor of the statute itself,'" and "would hold that § 516.420 is limited to penal statutes and does not apply to civil actions to recover penalties and forfeitures governed by § 516.130(2)." Rashaw, 2012 WL 2892218 at *4. In other words, the Eighth Circuit held that the six-year statute of limitations found in R.S.Mo. § 516.420 does not apply to claims such as the ones made by plaintiffs in the present lawsuit, and the three-year statute of limitations found in section 516.130(2) should apply instead.

In light of the Eighth Circuit's ruling, the Court directed the parties to file briefs addressing the impact of Rashaw on the following issues: (1) whether Rashaw should apply to the claims in this matter; (2) whether the proposed class definition should be modified; (3) whether named plaintiffs are appropriate class representatives in light of the statute of limitations issue; and (4) whether the case should be dismissed in its entirety on statute of limitations grounds in light of Rashaw. In particular, it appears that if the Court considers section 516.130(2) to be the proper statute of limitations, named plaintiffs' claims may have expired prior to the filing of this lawsuit. See Doc. No. 162. Since the time the Court ordered the parties to file supplemental briefing on the impact of Rashaw, plaintiffs in Rashaw (represented by the same counsel as the present case) filed petitions for rehearing and rehearing en banc; those petitions were denied by the Eighth Circuit on August 30, 2012. See Rashaw v. United Consumers Credit Union, Case No. 11-2327, Judge Order dated August 30, 2012.[1]

---

1 Plaintiffs indicate in their response to the Court's Order that they will now request the Supreme Court review the panel decision. See Doc. No. 164, p. 5. This Court is not inclined to wait until the Supreme Court makes a decision on certiorari

2

## II. Responses to the Court's July 20, 2012 Order regarding Rashaw

Defendant, in its opening brief (Doc. No. 163), responds to the Court's questions, and requests that this Court dismiss the pending action as time-barred and deny the pending motion for class certification as moot. Plaintiffs oppose these requests.

(A) Does Rashaw apply?

Defendant indicates that the holding in Rashaw applies to this suit, and notes that throughout the pendency of this suit it has argued that the correct statute of limitations could be found in R.S.Mo. § 516.130(2). Defendant notes that R.S.Mo. § 516.130(2) provides a three-year period to file "[a]n action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved." Here, the present suit is (1) an action upon a statute, in that plaintiffs allege a violation of the MSMLA; (2) for a "penalty or forfeiture," in that plaintiffs demand all interest paid to date and into the future, rather than compensatory damages; and (3) an action given to the party aggrieved, in that the MSMLA creates a limited private right of action for those who suffer losses as a result of an MSMLA violation (see R.S. Mo. § 408.562). Defendant further argues that no other limitations period applies, and the only other limitations period advocated by plaintiff throughout this suit has been section 516.420.

In response (Doc. No. 164), plaintiffs argue that despite the Eighth Circuit's ruling in Rashaw, this Court should conduct its own, separate inquiry, and "[i]ndependently [a]scertain [w]hether the [d]ecision in Schwartz[2] is the '[b]est [e]vidence' of Missouri law" on the issue of the applicability of R.S.Mo. § 516.420 to plaintiffs' claims. Doc. No. 164, p. 1. Plaintiffs invite the Court, despite the Eighth Circuit's very recent opinion and the lack of any other relevant intervening opinions by state or federal courts, to conduct its own searching review of Missouri law. Plaintiffs note that the Eighth Circuit panel in Rashaw decided the matter sua sponte. Therefore, plaintiffs argue, at pages 5-6 of their brief (Doc. No. 164) that this Court should allow them to brief and independently present and argue the

---

before issuing its order on the pending issues.

2 Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 178 (Mo. App. 2006).

issue decided by the Eighth Circuit in Rashaw, arguing that the Eighth Circuit's "misunderstanding" of certain law and facts is subject to challenge, as the issues raised by Rashaw go to the very heart of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

The Court believes that, by giving the parties the opportunity to brief the Rashaw issue, it invited plaintiffs to submit exactly the sort of briefing that they now request further permission to submit. The Court will not further prolong making a decision on this issue. The Court finds that, although this Court is not necessarily bound by the Eighth Circuit's prediction of state law, Rashaw appears to be the most thorough interpretation of the relevant Missouri statutes of limitation and the best guidance available on this issue.[3] Accordingly, the Court finds that the relevant statute of limitations is three years. R.S. Mo. § 516.130(2).

  (B)  Should the case be dismissed?

Under Missouri law, the right to bring suit "accrues and the statute of limitations is set into motion '[w]hen the *fact of damage* becomes capable of ascertainment ...' even if the actual amount of damage is unascertainable." Bonney v. Envtl. Eng'g, Inc., 224 S.W.3d 109, 116 (Mo. Ct. App. 2007)(internal citations omitted). "Damage is capable of

---

[3] The Court further notes that there are somewhat conflicting panel decisions from the Eighth Circuit as to the precedential weight that should be accorded the Eighth Circuit's predictions of state law. According to Peterson v. U-Haul Co., 409 F.2d 1174, 1177 (8th Cir. 1969), neither the Eighth Circuit nor the District Court can make declarations of state law, and such decisions "have no precedential value as state law and only determine the issues between the parties." This provides some weight for plaintiffs' argument that the Court should make an independent determination on the issue, and thus this Court makes the independent determination that the law as stated in Rashaw is the better expression of Missouri law on this issue. However, the Court notes that in a more recent panel decision, the Eighth Circuit found that "Although our circuit has never specifically determined the binding effect of a state law determination by a prior panel, other circuits defer to prior panel decisions absent a 'subsequent state court decision or statutory amendment that makes [the prior federal opinion] clearly wrong.'" AIG Centennial Ins. Co. v. Fraley-Landers, 450 F.3d 761, 767-68 (8th Cir. 2006) (citing Broussard v. Southern Pac. Transp. Co., 665 F.2d 1387, 1389 (5th Cir.1982) (en banc) (internal quotation marks and citation omitted)). Thus, under Fraley-Landers, it would appear that this Court is bound by the Eighth Circuit's decision in Rashaw. Regardless of the standard of review, the Court finds that the law as stated in Rashaw applies in this case.

4

ascertainment when it can be discovered or is made known, even if its extent remains unknown." D'Arcy & Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P., 129 S.W.3d 25, 29 (Mo. Ct. App. 2004)(internal citations omitted).

> [I]f the wrong done is of such a character that it may be said that all of the damages, past and future, are capable of ascertainment in a single action so that the entire damage accrues in the first instance, the statute of limitation begins to run at that time. If, on the other hand, the wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for the damages suffered within the statutory period immediately preceding suit.

Davis v. Laclede Gas Co., 603 S.W.2d 554, 556. (Mo. 1980).

Under the MSMLA, "[n]o charge other than that permitted by section 408.232 [interest] shall be directly or indirectly charged, contracted for or received in connection with any second mortgage loan, except as provided in [section 408.233]." R.S.Mo. § 408.233.1. Section 408.233 then lists the closing costs and other fees permitted under the MSMLA. If a lender violates the MSMLA by, among other things, charging fees prohibited by section 408.233, the lender "shall be barred from recovery of any interest on the contract," unless certain exceptions apply. See R.S.Mo. § 408.236.

Defendant indicates that the Court should dismiss the Washingtons' suit as time-barred, noting that a Court may sua sponte dismiss an action if it fails from the face of the complaint. Adams v. Eureka Fire Prot. Dist, 352 Fed. Appx. 137, 139 (8th Cir. 2009); Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991); McCoy v. Carter-Jones Timber Co., 352 Fed. Appx. 119, 121 (8th Cir. 2009). Here, the fees challenged by plaintiffs in this lawsuit were listed on the plaintiffs' loan closing statement on April 21, 2005, thus making the fact of damage capable of ascertainment on that date. Plaintiffs' complaint was filed more than three years after April 21, 2005, making it untimely. Further, defendant argues that the Court should reject any continuing violation theory presented by plaintiff based on monthly payments of interest on the loan within the limitations period, as the payment of loan interest was not a "new and independent" act violating the MSMLA, but was instead a consequence of an allegedly illegal act (the charging of improper closing costs) which occurred outside the limitations period. The continuing tort exception only applies when

5

"the wrong continues from day to day, creates a fresh injury from day to day, and is capable of being terminated." D'Arcy, 129 S.W.3d at 30. "Damages resulting from one completed, wrongful act, although they may continue to develop, are not adequate." Id. See also Ball v. Friese Constr. Co., 348 S.W.3d 172, 178 (Mo. Ct. App. 2011) (finding that, where plaintiff alleged inadequate construction causing damage to his home and where plaintiff discovered the initial damage many years before filing suit, there were not continuing wrongs justifying application of the continuing tort doctrine when the problem became worse over the years; instead, there was only one wrong, where damages were apparent but continued to develop, and the action accrued when the fact of damage was capable of ascertainment).

Additionally, defendant notes that the trial court in Schwartz v. Bann-Cor Mortgage ruled on the application of the continuing violation theory to an MSMLA claim and held that such a theory did not apply. Order, Schwartz v. Bann-Cor Mortgage, No. 00-CV-226639-01 (Jan. 28, 2005) (Ex. 1 to Doc. No. 163) (citing to D'Arcy, 129 S.W.3d at 30). Defendant further notes that this Court previously found that in neither Mayo v. GMAC Mortgage, LLC, 763 F.Supp.2d 1091, 1109 (W.D. Mo. Jan. 13, 2011), or Mitchell v. Residential Funding Corp., 334 S.W.3d 477, 502 (Mo. App. W.D. 2010), were the courts "presented with arguments regarding the date of accrual of a cause of action." Wong v. Bann-Cor Mortgage, Case No. 10-1038, 2012 WL 2839828, at *8 (July 10, 2012)(J. Gaitan).[4]

In their response, Plaintiffs do not challenge that, if a three-year statute of limitations were to apply, the loan closing occurred beyond the three-year limitation period. Plaintiffs argue, however, that each time a mortgage bill was generated and the plaintiffs made a principal payment on the loan, a continuing violation of the MSMLA occurred. On this point, plaintiffs cite to the Eighth Circuit's previous opinion in this case, finding that collection of prepaid interest on the loan at the time of loan closing constituted "an additional violation of the statute [R.S. Mo. § 408.236]." Washington v. Countrywide Home Loans, Inc., 655 F.3d 869, 873-74 (8th Cir. 2011). See also Mitchell, 334 S.W.3d at 502 (holding that the fact that

---

4 In Wong, the Court declined to address whether a continuing violation theory was permissible under the MSMLA. Id. at *9.

6

"the fees were rolled into the loan principal on which Defendants charged interest . . . also supports a finding that Assignee Defendants 'indirectly charged, contracted for or received' an unauthorized charge 'in connection with' these second mortgage loans"); Mayo v. GMAC Mortgage, LLC, 763 F.Supp.2d 1091, 1109 (W.D. Mo. 2011)(finding that a reasonable jury could find that defendants "indirectly received" loan fees in violation of the MSMLA, § 408.233.1, because the loan fees had been financed and repaid as part of the principal amount).[5] Plaintiffs argue that an actionable wrong (i.e., a violation of the MSMLA that resulted in a loss of money or property within the meaning of § 408.562) occurred every time defendant (or its assignee(s)) billed or received a monthly loan payment of interest and principal from plaintiffs, as an improper charge prohibited by § 408.233.1 was received as part of the principal payment each month, and improper interest prohibited by § 408.236 was received as part of the interest payment received each month. Plaintiffs argue that each payment is a separate and recurring violation of the MSMLA, and that each payment occurred within the three-year period prior to the May 2008 filing of this lawsuit.

Plaintiffs further argue that D'Arcy and Associates, Inc. v. KPMG Peat Marwick, LLP, 129 S.W.3d 25 (Mo. App. W.D. 2004) is distinguishable, as in D'Arcy, the claim was for tortious interference, which "emanated from a complete, wrongful act" that occurred more than 5-years before the filing of the suit but had damages that accrued over time (id. at 30), whereas here the wrong is continuing. Plaintiffs further argue that Missouri's usury laws support their point, as such laws establish that the cause of action runs from the date of payment of interest. R.S.Mo. §§ 408.030.2, 408.052.4. This Court, however, has already found in a related case that Missouri's usury law has "very limited applicability to this MSMLA case," as "[i]f the Missouri legislature had wanted the same claim accrual provisions to apply to MSMLA claims as usury claims, the legislature could have provided such a reference within the MSMLA itself." Wong v. Bann-Cor Mortgage, Case No. 10-1038, 2012 WL 2839828, at *8, n.13 (July 10, 2012)(J. Gaitan).

---

5 The Court notes, however, that in none of these cases were the courts presented with a question as to the date of accrual of a cause of action under the MSMLA.

Upon considering the points and authorities presented by the parties, the Court finds that the date of accrual of the plaintiffs' entire cause of action is April 21, 2005, the date of the loan closing. All of fees challenged by plaintiffs in this lawsuit were listed on the plaintiffs' loan closing statement, making the fact of damage capable of ascertainment on April 21, 2005. The Court finds that the continuing tort doctrine is inapplicable in this matter, as the interest charged on the loans is a damage that would have been known plaintiffs at the time of loan closing, and does not constitute a continuing violation of the statute. As noted in defendant's reply to the motion to strike (Doc. No. 161), the payment of interest is unlawful only where illegal loan fees have been financed as part of the loan amount, and whether or not a violation occurred depends on what happened at loan origination—in other words, payment of interest alone is not a violation of the MSMLA.[6]

Accordingly, the Court finds that plaintiffs' claims must be **DISMISSED**.

### III. Conclusion

Accordingly, for the foregoing reasons, plaintiffs' claims are **DISMISSED** with prejudice as barred by the relevant statute of limitations. All remaining motions (Doc. Nos. 131 and 141) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: September 26, 2012
Kansas City, Missouri

/S/FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

---

[6] The Court also finds it notable that, upon its review of the Missouri state court decisions granting class certification that plaintiffs have attached to their suggestions in support of their motion to certify a class, all were granted as to a class defined as consisting of persons who were made loans on or after the applicable limitations period, not to purported class members whose loans which were made outside the statutory limitations period but where interest was paid within the limitations period. See Doc. Nos. 132-3, 132-4, 132-5, 132-6, 132-7, 132-8, 132-9, 132-10, 132-11, 132-12. It seems that plaintiffs' counsel have only recently sought to certify classes as to those who only paid interest within the class period. The Court believes that if the continuing violation theory was viable in the MSMLA context, plaintiffs' counsel undoubtedly would have asserted this theory long ago (not just in recent years after cases had been removed to federal courts).

8

Case 4:08-cv-00459-FJG   Document 165   Filed 09/26/12   Page 8 of 8